UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL E. PROCTOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 11-1714 (BAH) |
| | ) | |
| SIMON T. WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Michael E. Proctor's petition for a writ of habeas corpus and the respondent's response to the Court's order to show cause. For the reasons discussed below, the petition will be denied.

I.  BACKGROUND

On December 29, 2003, upon his conviction for attempted burglary, the Superior Court of the District of Columbia imposed on petitioner a three-year sentence, with all but two years of that term suspended, followed by a three-year term of supervised release. United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Opp'n") at 1; *id.*, Ex. A (Sentence Monitoring Computation Data as of 09-07-2007) at 1. Petitioner was released from custody on September 8, 2007, at which time he began to serve the term of supervised release. *Id.*, Ex. A at 2.

Petitioner was arrested in Maryland on September 22, 2008, and was charged with two counts of third degree burglary. Resp't's Opp'n, Ex. B (Warrant Application dated February 26, 2009) at 1. On January 26, 2009, he pled guilty to these offenses, *id.*, Ex. B (Warrant

1

Application) at 2, and on April 22, 2009, the Montgomery County Circuit Court imposed a sentence of 10 years' imprisonment on each count, with all but five years suspended, followed by a five-year term of probation, *id.*, Ex. C (Commitment Record, Case No. 111870-C, dated April 22, 2009) at 1.   On February 26, 2009, the United States Parole Commission ("Commission") issued a supervision violation warrant based upon petitioner's arrest and conviction in Montgomery County, Maryland, and the warrant was executed on May 27, 2011. *Id.*, Ex. B (Warrant for Return of Prisoner Released to Supervision).

The Commission proposed the expedited revocation of petitioner's supervised release, *see* Resp't's Opp'n, Ex. D (Expedited Revocation Proposal), which included the following terms:

> Revoke the term of supervised release.  You shall serve a new term of imprisonment of 24 months from the date the warrant was executed 05/27/2011.  No new term of supervised release to follow since the new term of imprisonment will exhaust the maximum authorized new term of imprisonment.  You shall have no further supervision in this case.

*Id.*, Ex. D at 7.  Although the Commission transmitted the proposal to petitioner at the D.C. Jail on August 26, 2011, apparently it did not reach him and was transmitted again on October 3, 2011, approximately three weeks after the filing of the instant petition.  *See id.*, Ex. E (e-mail message dated October 3, 2011).  Petitioner accepted the proposal on November 2, 2011, and "[b]y accepting this decision, [petitioner] understand[s] that [he is] accepting responsibility for [his] conduct, waiving [his] right to a revocation hearing, and waiving [his] right to appeal the decision."  United States Parole Commission's Supplemental Opposition to Petitioner's Petition for a Writ of Habeas Corpus, Ex. A (Response to Expedited Revocation Proposal) at 7. Consequently, the Commission revoked petitioner's term of supervised release and ordered that

he serve a term of 24 months' imprisonment beginning May 27, 2011; no term of supervised release followed.  *Id.*, Ex. B (Notice of Action dated November 3, 2011) at 1.

## II.  DISCUSSION

As of the date petitioner prepared his petition, he had been in custody approximately 109 days.  Pet. at 5.[1]  He argued that his custody then was unlawful because a revocation hearing should have taken place within 90 days of the execution of the violator warrant.  *Id.*; *see* 28 C.F.R. § 2.215-01(f) ("An institutional revocation hearing shall be held within 90 days of the retaking of the releasee on a supervised release violation warrant.").

A delay in conducting a revocation hearing "is not itself a valid ground for immediate release," and instead a releasee's "remedy . . . is an action to compel a hearing."  *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)).  Even if the delay were substantial, petitioner would be entitled to habeas relief on this ground only if he could establish "actual prejudice" arising from the delay.  *See Sutherland*, 709 F.2d at 733 (denying habeas petition absent showing that a 33-month delay prejudiced the petitioner's defense at the hearing).

More importantly, petitioner waived his right to a revocation hearing by accepting the Commission's expedited revocation proposal, and thus his claim is rendered moot.  *Hill*, 750 F.

---

[1]  Petitioner signed his petition on September 12, 2011, and the Clerk of Court received it on September 18, 2011.  After the approval of petitioner's application to proceed *in forma pauperis* on September 22, 2011, the Clerk of Court officially filed the petition on September 23, 2011.

Supp. 2d at 106 ("[P]etitioner waived his right to a revocation hearing by accepting the expedited revocation proposal, rendering this action subject to dismissal as moot."); *West v. Gonzales*, No. 2:06-cv-0336, 2007 WL 1188002, at *1 (N.D. Tex. Apr. 23, 2007) (dismissing as moot a habeas petition challenging validity of Commission's detainer warrant where petitioner accepted expedited revocation proposal and thus waived revocation hearing and accepted the Commission's revocation decision); *Ogburn v. U.S. Parole Comm'n,* No. 06CV00192, 2006 WL 1933363, at *2 (W.D. Va. July 13, 2006) (finding that, although ten months in custody without receiving a revocation hearing violated 28 C.F.R. § 2.101(e) and "was likely unreasonable . . . [his] claim was rendered moot by his acceptance of the expedited revocation proposal"); *Caldwell v. U.S. Parole Comm'n*, No. 03-cv-9116, 2005 WL 1153726, at *3 (S.D.N.Y. Apr. 13, 2005) (Magistrate Report and Recommendation concluding that petitioner's argument that he was denied a revocation hearing was moot when he accepted an expedited revocation agreement requiring him to waive the hearing and accept responsibility for a federal parole violation).

### III.  CONCLUSION

Although the Commission failed to conduct a timely revocation hearing, petitioner's acceptance of the expedited revocation proposal rendered his claim moot.  Accordingly, the Court will deny the habeas petition and dismiss this action.  An Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*

DATE:  December 14, 2011         BERYL A HOWELL
                                 United States District Judge